UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOISES RIVAS,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS M. HODGSON, Bristol County Sheriff, STEVEN SOUZA, Superintendent of the Bristol County House of Correction and Jail, CATRINA GONCALVES, Assistant Deputy Superintendent of the Bristol County Ash Street Jail and Regional Lock-Up, and JOHN DOE DEFENDANTS 1–10, unknown officers of the Bristol County Ash Street Jail and Regional Lock-Up; all individually and in their official capacities,<br><br>    Defendants. | Civil Action No.: 1-18-CV-11275-PBS |

**ANSWER OF DEFENDANTS SHERIFF THOMAS H. HODGSON,
SUPERINTENDENT STEVEN SOUZA, AND CATRINA GONCALVES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

  Defendants Thomas M. Hodgson, individually and in his capacity as Bristol County Sheriff ("Sheriff Hodgson"), Steven Souza, individually and in his capacity as Superintendent of the Bristol County House of Correction and Jail ("Superintendent Souza"), and Catrina Goncavles, individually and in her former capacity as Assistant Deputy Superintendent of the Bristol County Ash Street Jail ("Goncalves") (collectively with Sheriff Hodgson and Superintendent Souza, "Defendants"), respond to the enumerated paragraphs of the First Amended Complaint, as follows:

  1.  Paragraph 1 is an introductory paragraph and alleges no facts and, therefore, no response is necessary. Defendants specifically deny that they violated any of Plaintiff's rights under State or Federal law.

2. Defendants admit that Plaintiff was held at the Ash Street Jail at least between August 18, 2017 and September 5, 2017. Some of the allegations of paragraph 2 state conclusions of law to which no response is required. The remaining allegations are denied.

3. Denied as to the first sentence. The second sentence states conclusions of law to which no response is required. Otherwise, denied.

4. Denied that Plaintiff was unlawfully detained. Further responding, the Supreme Judicial Court's decision in *Lunn v. Commonwealth*, 78 N.E. 3d 1143 (Mass. 2017) ("*Lunn*"), is a written decision that speaks for itself, and the allegations of paragraph 4 state conclusions of law, to which no response is required. Otherwise, denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied that Plaintiff is entitled to any relief.

## PARTIES

10. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 10 and therefore deny same.

11. Defendants admit the allegations of the first sentence of paragraph 11. The allegations of the second sentence of paragraph 11 state conclusions of law, to which no response is required.

12. The allegations of paragraph 12 state conclusions of law, to which no response is required.

13. Defendants admit the allegations of the first sentence of paragraph 13. The remaining allegations of paragraph 13 state conclusions of law, to which no response is required.

14. Defendants admit that, in August and September 2017, Goncalves was the Assistant Deputy Superintendent of the Ash Street Jail and maintained a place of business at 400 Faunce Corner Road, Dartmouth, Massachusetts. The remaining allegations of paragraph 14 state conclusions of law, to which no response is required. Otherwise, denied.

15. Defendants lack knowledge and information sufficient to admit or deny the allegations in paragraph 15 concerning purported "John Doe Defendants" and therefore deny same. Further, the allegations state conclusions of law, to which no response is required.

16. Defendants need not respond to Paragraph 16 as it contains no factual allegations.

## JURISDICTION

17. Plaintiff's jurisdictional allegation states a legal conclusion to which no response is required. Further, Defendants deny that there are facts which properly give rise to the claims in the action.

18. Plaintiff's jurisdictional allegation states a legal conclusion to which no response is required. Further, Defendants deny that there are facts which properly give rise to the claims in the action.

19. Plaintiff's jurisdictional allegation states a legal conclusion to which no response is required. Further, Defendants deny that there are facts which properly give rise to the claims in the action.

20. Plaintiff's jurisdictional allegation states a legal conclusion to which no response is required. Further, Defendants deny that there are facts which properly give rise to the claims in the action.

## **VENUE**

21. Plaintiff's allegation concerning venue states a legal conclusion to which no response is required. Further, Defendants deny that there are facts which properly give rise to the claims in the action.

## **FACTS**

22. The allegations of paragraph 22 state conclusions of law, to which no response is required.

23. The allegations of paragraph 23 state conclusions of law, to which no response is required.

24. The allegations of paragraph 24 state conclusions of law, to which no response is required.

25. The allegations of paragraph 25 state conclusions of law, to which no response is required.

26. The allegations of paragraph 26 state conclusions of law, to which no response is required. Further, denied that the Bristol County Sheriff's Office ("BCSO") detains individuals solely on the basis of an ICE Detainer. Otherwise, denied.

27. The allegations of paragraph 27 state conclusions of law and reference hypothetical scenarios to which no response is required.

28. Denied that Plaintiff was unlawfully detained. The remaining allegations of paragraph 28 refer to *Lunn*, which is a written decision that speaks for itself, and state conclusions of law, to which no response is required.

29. The allegations of paragraph 29 state conclusions of law and require no response.

30. The allegations of paragraph 30 state conclusions of law and require no response.

31. Admitted that Plaintiff was initially held on $1,500 bail. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 31 and therefore deny same.

32. Admitted.

33. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 33 and therefore deny same.

34. Admitted that at some point in time Plaintiff's bail was reduced from $1,500 to $1,000. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 34 and therefore deny same.

35. Denied.

36. Admitted that at some point in time ICE faxed a Form I-200 to the BCSO, but denied that it was in response to any action by the BCSO. The Form I-200 is a written document that speaks for itself. The remaining allegations of paragraph 36 are denied.

37. Plaintiff's allegation that he was entitled to post the $1,000 bail under the Constitution and Commonwealth law is a conclusion of law and requires no response. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 37 and therefore deny same.

38. Denied.

39. Denied.

40. Goncalves admits that Public Defender Grant appeared at the Ash Street Jail on or about August 19, 2017. Defendants deny that they frustrated any efforts to post Mr. Rivas' bail or secure his release. Defendants otherwise lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 40 and therefore deny same.

41. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 41 and therefore deny same.

42. Denied as to the first sentence. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 42 and therefore deny same.

43. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 43 and therefore deny same.

44. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 44 and therefore deny same.

45. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 45 and therefore deny same.

46. Denied that a Form I-247 ever existed. Further, Goncalves denies that she gave a directive to deny Public Defender Grant copies or photographs of any documents. Defendants otherwise lack knowledge and information sufficient to admit or deny the allegations of paragraph 46 and therefore deny same.

47. Defendants lack knowledge and information sufficient to admit or deny the allegations as to what an unnamed officer allegedly stated to Public Defender Grant and therefore deny same. Further, Defendants deny that Plaintiff was held on the basis of any ICE forms. Otherwise, denied.

48. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 48 and therefore deny same.

49. Defendants deny the allegations of the second sentence of paragraph 49 and the allegation in the third sentence that a BCSO officer denied a request to speak to the Clerk-

Magistrate.  Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 49 and therefore deny same.

50. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 50 and therefore deny same.

51. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 51 and therefore deny same.

52. Denied that BCSO officers received "contrary directives" from Goncalves. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 52 and therefore deny same.

53. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 53 and therefore deny same.

54. The second sentence of paragraph 54 contains conclusions of law to which no response is required.  Otherwise, denied in the form and manner alleged.

55. Denied that the BCSO held Plaintiff on the basis of the Form I-200 or I-203, or claimed that it had such authority.  Further, Defendants deny that a "whiteboard" listed the names of individuals who were not to be released from custody.  Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 55 and therefore deny same.

56. The allegations of paragraph 56 state conclusions of law to which no response is required.  Further, denied that the BCSO held Plaintiff on the basis of the Form I-200 or I-203, both of which are written documents that speak for themselves.  Defendants are otherwise without knowledge and information sufficient to admit or deny the remaining allegations of this paragraph.

57. Denied that a so-called Form I-247 ever existed, and denied that Attorney Lorraine Rousseau denied any request for documents. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations in paragraph 57 and therefore deny same.

58. Admitted that the petition was filed. The remaining allegations purport to characterize the petition which is a written document that speaks for itself. Otherwise, denied.

59. The allegations of paragraph 59 purport to quote from the petition which is a written document that speaks for itself. Further, denied that Plaintiff was unlawfully held.

60. Admitted that Plaintiff's bail was posted on or about September 6, 2017. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 60 and therefore deny same.

61. Admitted that Plaintiff was released from the Ash Street Jail shortly after his bail was posted. Denied that Plaintiff was unlawfully detained.

62. The allegations of paragraph 62 refer to purported contents of a Motion to Dismiss which is a written document that speaks for itself. Defendants deny the allegations to the extent they mischaracterize the document. Otherwise, Defendants are without knowledge and information sufficient to admit or deny the remaining allegations.

63. Denied that Plaintiff was unlawfully detained. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 63 and therefore deny same.

64. Denied.

65. Denied.

66. Denied.

67. The allegations of paragraph 67 state conclusions of law to which no response is required.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied as to the allegations in the first sentence of paragraph 79. The second sentence of paragraph 79 purports to refer to the contents of a purported press release and Boston Herald article, which are written documents that speaks for themselves. The allegations are denied to the extent they mischaracterize the document.

80. The allegations of paragraph 80 purport to quote from the transcript of purported testimony before the House Judiciary Subcommittee on Immigration and Border Control. The testimony purportedly has been transcribed in a written document that speaks for itself.

81. Denied.

82. Denied.

## COUNT I
### FOURTH AMENDMENT 42 U.S.C. § 1983
### (Unreasonable Seizure)

83. Defendants re-state their responses to paragraphs 1-82 of the First Amended Complaint.

84. Paragraph 84 states a legal conclusion to which no response is required.

85. Denied.

86. Denied.

87. Denied.

## COUNT II
### FOURTEENTH AMENDMENT 42 U.S.C. § 1983
### (Due Process)

88. Defendants re-state their responses to paragraphs 1-87 of the First Amended Complaint.

89. Paragraph 89 states a conclusion of law to which no response is required.

90. Denied.

91. Denied.

92. Denied.

## COUNT III
### (Failure to Intervene)

93. Defendants re-state their responses to paragraphs 1-92 of the First Amended Complaint.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT IV
### M.G.L. c. 12, § 11
### (Due Process)

98. Defendants re-state their responses to paragraphs 1-97 of the First Amended Complaint.

99. Denied.

100. Denied.

101. Denied.

## COUNT V
### MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12, § 11I
### (Due Process)

102. Defendants re-state their responses to paragraphs 1-101 of the First Amended Complaint.

103. Denied.

104. Denied.

105. Denied.

## COUNT VI
### FALSE IMPRISONMENT/FALSE ARREST

106. Defendants re-state their responses to paragraphs 1-105 of the First Amended Complaint.

107. With respect to the first sentence, Defendants deny that the BCSO held Plaintiff on the basis of any ICE forms. The allegations of the second sentence are denied.

108. Denied.

109. Denied.

110. Denied.

111. Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 111 and therefore deny same.

112. Denied.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

113. Defendants re-state their responses to paragraphs 1-112 of the First Amended Complaint.

114. Denied.

115. Denied.

116. Denied.

## COUNT VIII
## CIVIL CONSPIRACY

117. Defendants re-state their responses to paragraphs 1-116 of the First Amended Complaint.

118. Denied.

119. Denied.

120. Denied in the form and manner alleged.

121. Denied.

122. Denied.

123. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the Doctrine of Qualified Immunity.

## THIRD DEFENSE

If Plaintiff has suffered any damages, which Defendants deny, his damages were caused by others whom Defendants have no control over.

## FOURTH DEFENSE

Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or the Commonwealth of Massachusetts.

## FIFTH DEFENSE

Plaintiff's claims are barred by the provision of G.L. c. 258, § 10.

## SIXTH DEFENSE

At all material times, Defendants acted reasonably, within the scope of official discretion, and with an objectively reasonable belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person should have known.

## SEVENTH DEFENSE

Defendants are immune from suit as the Defendants were engaging in discretionary functions and therefore Plaintiff cannot recover.

## EIGHTH DEFENSE

Defendants were privileged in their conduct and acts and therefore Plaintiff cannot recover.

## NINTH DEFENSE

No act or omission by any Defendant was a proximate cause of damages, if any, sustained by Plaintiff.

## TENTH DEFENSE

Defendants state that any injury sustained by Plaintiff was due to one or more causes, for which Defendants bear no legal responsibility.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by one or more provisions of the Prison Litigation Reform Act, including without limitation, the provisions of 42 U.S.C. §1997e.

## TWELFTH DEFENSE

Plaintiff's claims fail as he has failed to exhaust his administrative remedies.

## THIRTEENTH DEFENSE

Defendants reserve the right to assert such additional defenses as may become apparent during or after discovery.

## FOURTEENTH DEFENSE

Defendants specifically deny any allegations contained in the First Amended Complaint that are not specifically admitted.

WHEREFORE, Defendants pray this Court to:

1. Enter judgment in their favor and dismiss the First Amended Complaint with prejudice;

2. Award them their costs and expenses; and

3. Grant such other relief as is just and proper.

        Respectfully submitted,

        THOMAS M. HODGSON, Bristol County Sheriff, STEVEN SOUZA, Superintendent of the Bristol County House of Correction and Jail, CATRINA GONCALVES, Former Assistant Deputy Superintendent of the Bristol County Ash Street Jail and Regional Lock-Up, all individually and in their official capacities,

        By their attorneys,

        */s/ Adam L. Littman*
        Gary W. Smith (BBO #550352)
        Adam L. Littman (BBO #673407)
        Aaron Spacone (BBO #688838)
        POSTERNAK BLANKSTEIN & LUND LLP
        800 Boylston Street
        Boston, MA 02199
        (617) 973-6277
        gsmith@pbl.com
        alittman@pbl.com
        aspacone@pbl.com

## **Certificate of Service**

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Adam L. Littman*
Adam L. Littman